**"O"**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| JOYCE ANNAND,<br><br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of the<br>Social Security<br>Administration,<br><br>　　　　　Defendant. | Case No. EDCV 05-00970-MLG<br><br>MEMORANDUM OPINION AND ORDER |

　　　Plaintiff Joyce Annand ("Plaintiff") seeks judicial review of the Commissioner's final decision denying her application for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act.  42 U.S.C. § 1381 *et seq*.  For the reasons stated below, the Commissioner's decision shall be affirmed.

**I.　Factual and Procedural Background**

　　　Plaintiff was born on May 13, 1961. (Administrative Record ("AR") 104.)  She has a high school education and has held a variety of unskilled jobs, including work as a catering truck driver, a forklift

driver, and a short-order cook. (AR 19, 433.) Plaintiff applied for SSI benefits on May 20, 1997, claiming to be disabled due to a liver impairment, a personality disorder, and manic depression. (AR 82, 106.) She claims that she has been disabled since August 15, 1996. (AR 104.)

The Commissioner denied Plaintiff's application initially and upon reconsideration. (AR 83-86, 90-93.) Plaintiff timely filed a request for a *de novo* hearing, which was held on October 28, 1998, before Administrative Law Judge ("ALJ") Alan R. Demby. In a decision dated December 23, 1999, the ALJ found that Plaintiff was not disabled at any time through the date of the decision. (AR 16-21.)

In his decision, the ALJ found that: (1) Plaintiff suffered from the severe impairments of manic depression and addiction; (2) her addiction was not active in that she did not currently use drugs; (3) these impairments, considered individually or together, did not meet the requirements of any listed impairment contained in the regulations; (4) Plaintiff retains the residual functional capacity to perform medium work; (5) her psychological impairment limited her to performing simple, repetitive tasks not requiring significant interaction with the general public; (6) Plaintiff's claims of disabling pain were not credible and were unsupported by objective medical evidence; and (7) her subjective complaints of an inability to perform substantial gainful activity are not credible. (AR 18-20.) Despite Plaintiff's testimony that she suffered from several side effects arising from her prescribed medications, the ALJ failed to address this in his decision.

On August 28, 2001, the Appeals Council denied review (AR 386-87) and Plaintiff timely commenced an action for judicial review in this Court. *Annand v. Barnhart*, Case No. EDCV 01-0748-MLG. Plaintiff claimed, *inter alia*, that the ALJ failed to adequately address the side effects

of Plaintiff's medication.  This Court agreed, and on August 15, 2002 remanded the case "to determine which medications Plaintiff is currently taking and to determine the nature and extent of the side effects of her medications."  (AR 395-99.)

In the meantime, the Commissioner granted Plaintiff SSI benefits based on a second application that was filed on July 23, 2001, with a disability onset date of July 1, 2001.  (AR 374.)  Therefore, concerning Plaintiff's first application, the ALJ's task on remand was to determine whether Plaintiff was disabled at any time between August 15, 1996 and July 1, 2001.

On March 15, 2005, a hearing was held before ALJ John W. Belcher. (AR 593.)  In an opinion issued on July 29, 2005, the ALJ incorporated the 1999 opinion and again found that Plaintiff was not entitled to SSI benefits.[1]  (AR 380.)  The ALJ noted that, although Plaintiff claimed to have been taking Lithobid, Trazadone, and Haldol, he only found evidence in the record that Plaintiff was prescribed Lithobid.[2]  (AR 375.) Moreover, the ALJ found that the Plaintiff's complaints of drowsiness, blurred vision, and confusion lacked credibility and were unsupported by the objective medical evidence.  (AR 375-76.)

The ALJ reached the same conclusion that was made in the 1999 decision:[3] that Plaintiff retains the residual functional capacity to

---

[1]   Because the 2005 decision incorporated the 1999 decision, the Court will refer to them collectively as the ALJ decision.

[2]   The ALJ also discussed Plaintiff's use of the prescription drugs Depakote and Seroquel, which Plaintiff began taking after July 1, 2001, in the context of assessing the credibility of Plaintiff's treating physician.  (AR 377-78.)

[3]   Although the 2005 decision incorporated the 1999 decision, it did modify the 1999 decision in two respects.  The 2005 decision found that 1) Plaintiff has a present and active substance addiction disorder and

perform work at the medium exertional level and, accounting for the social and mental limitations stemming from her mood disorder, is able to perform a significant number of available jobs. (AR 380.)

In the Joint Stipulation addressing the disputed issues ("JS"), Plaintiff contends that the ALJ made three errors warranting remand or an award of benefits: (1) the ALJ erred by failing to "address" or "discuss" Plaintiff's successful application for benefits that was filed on July 23, 2001; (2) the ALJ erred by failing to account for the medical opinions of Drs. David G. Dixon and William G. Smith in reaching his decision; and (3) the ALJ erred by failing to consider the questionnaire completed by Plaintiff's mother, Barbara Annand. (JS 3.)

## II. Standard of Review

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's findings and decision will be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson*, 402 U.S. at 401; *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). It is more than a scintilla, but less than a preponderance. *Reddick*, 157 F.3d at 720. To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts

---

2) Plaintiff is able to perform her past relevant work as a store laborer. (AR 376, 380.)

4

from the Commissioner's conclusion." *Id.* "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. *Id.* at 720-21.

## III. Discussion

### A. The July 2001 Disability Finding

As discussed above, Plaintiff filed a second application for SSI benefits on July 23, 2001 that is separate and distinct from the application currently at issue. The Commissioner awarded SSI benefits to Plaintiff based on the second application, with an onset date of July 1, 2001. In the ALJ's 2005 decision addressing the first application, he acknowledged that Plaintiff has been receiving benefits since July 1, 2001, and appropriately tailored his decision to determine whether Plaintiff was disabled prior to this date. (AR 374, 379.)

Plaintiff asserts that "[b]y not discussing the Plaintiff's July 1, 2001 SSI award in relation to the prior claim, the ALJ did not properly develop the record." (JS 4.) Plaintiff's claim is less than clearly stated. It does not seem that Plaintiff is arguing that the 2001 decision was based on medical evidence that should have influenced the ALJ's finding on the application that is currently under review; rather, Plaintiff contends that the ALJ should have accounted for the reasoning that led to the 2001 disability finding. (JS 5-6.) While the ALJ must accept the factual findings made in previous determinations,[4] he is not

---

[4] Under collateral estoppel principles, the ALJ has a duty to "accept the factual finding made in [a] previous determination or decision unless there are reasons to believe that it was wrong." 20 C.F.R. § 416.1450(f). Plaintiff is not invoking collateral estoppel here. The ALJ recognized that Plaintiff has already been found disabled

obligated to parse the language of prior decisions when reaching his own conclusions. Nor do the governing regulations suggest that the ALJ has such a duty. *See* 20 C.F.R. §§ 416.1429-416.1461.

The ALJ is required to "fully and fairly develop the record and to assure that the claimant's interests are considered." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (internal quotations omitted). This duty is triggered when there is ambiguous evidence or an inadequacy in the record prevents a proper evaluation of the disability claim. *Id*. The ALJ satisfied this duty over the course of two hearings by receiving Plaintiff's medical documentation into evidence and further questioning a medical expert regarding Plaintiff's condition. There is no indication, and the Plaintiff does not argue, that the evidence was ambiguous or did not provide an adequate basis for the ALJ's decision. Moreover, to the extent that the 2001 decision to grant benefits was based on additional medical evidence that may have influenced the ALJ's decision concerning the period in question here, Plaintiff was free to submit such evidence. Not only did she have an opportunity to submit evidence before the hearing, but the ALJ agreed to leave the record open following the hearing to allow Plaintiff to produce additional evidence. (AR 645-46.) As the record stands, it is fully developed to assure that Plaintiff's interests were considered. Plaintiff's claim is without merit.

**B.   Physicians' Opinions**

    **1.   Dr. David G. Dixon's Medical Report**

Plaintiff made at least nine visits to the office of Dr. David G. Dixon between May 2, 1996 and August 11, 1997. (AR 190-207.) Some of

---

as of July 1, 2001, and focused his inquiry on whether Plaintiff was disabled before this date.

6

the visits involved physical examinations, while others were for the limited purpose of conducting lab work. On April 15, 1997, Dr. Dixon completed an Aid to Families with Dependent Children ("AFDC") medical report form. (AR 196.) Under the heading of "Diagnosis and Prognosis", Dr. Dixon wrote that Plaintiff suffers from manic depression. Below that, a box is checked to indicate that Plaintiff's disability "prevent[s] []her from working full time at []her regular job," along with the handwritten comment "Pt completely disabled." Another checkbox indicates that Plaintiff's condition is temporary, and will likely last until April 15, 1998. The ALJ did not mention Dr. Dixon's report in reaching his decision, and Plaintiff contends that this omission is an error that warrants reversal.[5]

Plaintiff is correct that, as a general rule, special weight should be given a treating physician's opinion. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating physician's opinion is contradicted by another doctor, the ALJ must still provide specific and legitimate reasons for rejecting it. *Id.* But the ALJ is not required to discuss all of the evidence; rather, he "must explain why 'significant probative evidence has been rejected.'" *Vincent v. Heckler*, 739 F.2d 1393, 1395-96 (9th Cir. 1984) (quoting *Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981)).

Dr. Dixon's one-page conclusory report was not significant probative evidence, and the ALJ did not err in failing to discuss it. Although the ALJ did not mention the report, he did adopt Dr. Dixon's

---

[5] It is important to note that Plaintiff did not raise this issue in her 2001 application for judicial review. While the Court does not find that the claim has been waived, the Court will not permit piecemeal litigation, the only purpose of which is to create an opportunity for repeated remands and awards of attorney fees.

medical diagnosis (which other physicians also reached) that Plaintiff suffers from manic depression. (AR 376.) As for the check-box indicating that Plaintiff could not work a full-time job and the handwritten comment that she is completely disabled, there is no medical analysis to substantiate a finding of disability. Dr. Dixon's comment that Plaintiff is "completely disabled" is brief, unsupported, and conclusory, and thus not significant probative evidence. The ALJ's failure to specifically address it, in light of the other evidence in the record, was not error.

### 2. Dr. William G. Smith's Medical Report

On November 19, 2003, Dr. Smith completed a form entitled "Work Capacity Evaluation (Mental)," which assesses the Plaintiff's ability to carry out certain work-related activities in light of her mental and emotional impairments. (AR 572-73.) Plaintiff argues that the ALJ erred by not mentioning this report in his decision.

As discussed above, the ALJ was ordered to determine whether Plaintiff was disabled before July 1, 2001. Dr. Smith's 2003 evaluation does not purport to be more than a current assessment of Plaintiff's mental state. It does not provide any evidence about Plaintiff's condition during the relevant time period, and was immaterial to the ALJ's analysis. The ALJ did not err by failing to explicitly discuss it.

### C. Questionnaire Completed by Barbara Annand

Plaintiff asserts the ALJ improperly ignored a Daily Activities Questionnaire completed by Plaintiff's mother, Barbara Annand, on January 1, 1998. Plaintiff highlights seven written responses on the questionnaire under the headings "Activities of Daily Living", "Social Functioning", and "Social Functioning." (AR 150-54.) The gist of the

responses is that Plaintiff's mother has observed her to be frequently tired, sometimes forgetful, and hard to get along with. Plaintiff contends that these written statements, which Plaintiff characterizes as lay witness testimony, reflect significant functional limitations and therefore the ALJ's failure to evaluate them constitutes material error. (JS 14.)

"Lay *testimony* as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)(emphasis added); *see also Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993). Appropriate reasons to disregard lay testimony include a lack of support from the medical record or the existence of other inconsistent evidence and testimony. *Lewis*, 236 F.3d at 512. Unlike lay *testimony*, there is no controlling precedent requiring an ALJ to explicitly address *written* statements, such as the questionnaire in this case, which was buried in the record. Indeed, it is clear that an ALJ is not required to discuss all evidence in the record in detail. *Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003).

The Court finds that the ALJ did not err by failing to explicitly reject Barbara Annand's brief written questionnaire responses. And even if Ms. Annand's responses are deemed credible, the ALJ's findings are consistent with the responses and any error would be harmless. The ALJ found Plaintiff to suffer from severe impairments consisting of bipolar disorder, a personality disorder with borderline features, and a present and active substance addiction disorder. (AR 376.) These impairments are characterized by long disturbances in mood, inflexible personality traits, and, in the case of Plaintiff's marijuana use, reduced mental

residual functional capacity.  20 C.F.R. § 404, Subpt. P, App. 1, 12.04, 12.08-09; (AR 378.)  In the hypothetical question that the ALJ posed to the vocational expert at the hearing, the ALJ also recognized that Plaintiff has problems concentrating and interacting with others.  (AR 636-38.)  The ALJ did not err by neglecting to specifically mention the questionnaire responses that are consistent with his findings.

**IV.  Conclusion**

For the reasons stated above, it is **ORDERED** that the decision of the Commissioner be affirmed and this case dismissed with prejudice.

**ORDER**

Accordingly, **IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED:  September 28, 2006          */S/ Marc L. Goldman*
                                    _____
                                    MARC L. GOLDMAN
                                    United States Magistrate Judge